Yang v. Holder

BIA
A070 310 263

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 16th day of April, two thousand thirteen.

PRESENT:
>       GUIDO CALABRESI,
>       JOSÉ A. CABRANES,
>       RICHARD C. WESLEY,
>           *Circuit Judges.*

_____

CHAO YANG,
>       *Petitioner,*

>       v.                                    12-1505

                                             NAC

ERIC H. HOLDER, JR., UNITED STATES
ATTORNEY GENERAL,
>       *Respondent.*

_____

FOR PETITIONER:        Terri E. Marsh, Washington, D.C.

FOR RESPONDENT:        Stuart F. Delery, Acting Assistant
                       Attorney General; Carl H. McIntyre,
                       Jr., Assistant Director; Jason
                       Wisecup, Trial Attorney, Office of
                       Immigration Litigation, United
                       States Department of Justice,
                       Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is **DENIED** and the pending motions are **DISMISSED** as moot.

Petitioner Chao Yang, a native and citizen of the People's Republic of China, seeks review of the BIA's March 26, 2012 decision denying his motion to reopen and moves for a stay of removal. *In re Chao Yang*, No. A070 310 263 (B.I.A. Mar. 26, 2012). Yang also moves for a Federal Rules of Appellate Procedure ("FRAP") 42(b) remand. Finally, Yang's recent substitute counsel has filed a motion for an extension of time, which the government opposes. We assume the parties' familiarity with the underlying facts, arguments for review, and procedural history in this case.

The BIA's denial of Yang's motion to reopen as untimely was not an abuse of discretion. *See Kaur v. BIA*, 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). A motion to reopen generally must be filed no later than 90 days after the date on which the final administrative decision has been rendered in the proceedings sought to be reopened. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). There is no dispute that Yang's 2011 motion was untimely, as the final

2

administrative decision was issued in 2002.  *See* 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2).

This time limitation does not apply to a motion to reopen "based on changed circumstances arising in the country of nationality or in the country to which deportation has been ordered, if such evidence is material and was not available and could not have been discovered or presented at the previous hearing."  8 C.F.R. § 1003.2(c)(3)(ii); *see also* 8 U.S.C. § 1229a(c)(7)(C)(ii). Here, the BIA did not err by concluding that Yang failed to demonstrate materially changed country conditions in China that would excuse the untimely filing of his motion to reopen.

First, as the BIA noted, Yang's participation in the Chinese Democracy Party ("CDP") in the United States began in 2011, well after he was ordered removed, and reflects a self-induced change in personal circumstances. His motion, therefore, is time barred.  *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155-56 (2d Cir. 2008); *Wei Guang Wang v. BIA*, 437 F.3d 270, 273-74 (2d Cir. 2006).

Moreover, substantial evidence supports the BIA's determination that Yang failed to demonstrate changed

3

country conditions in China.  *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008); *see also Matter of S-Y-G-*, 24 I. & N. Dec. 247, 253 (BIA 2007).  As the BIA determined, Yang's evidence shows a continuation of the Chinese government's mistreatment of certain democracy activists, rather than any material change in conditions.  Accordingly, the BIA did not abuse its discretion in denying his untimely motion to reopen.  *See Jian Hui Shao*, 546 F.3d at 142, 149.

Yang also submits statements from his father that Chinese officials were aware of his CDP activities and threatened to punish him if he returned to China as proof that country conditions have materially changed.  The BIA, however, gave those unsworn statements from an interested party little weight before concluding that they were insufficient to establish changed country conditions.  *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 146-48 (2d Cir. 2007); *Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 342 (2d Cir. 2006).  We conclude that the BIA did not abuse its discretion.

Accordingly, the BIA reasonably determined that Yang failed to establish that conditions in China had materially changed so as to warrant reopening, and the BIA did not

4

abuse its discretion in denying his untimely motion.  *See* 8 C.F.R. § 1003.2(c)(2), (c)(3)(ii).  For the foregoing reasons, tolling in this case is now ended, the petition for review is **DENIED**, and the pending motions are **DISMISSED** as moot. Any pending request for oral argument in this petition is **DENIED** in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk